UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) FOR RELEASE OF SUBSCRIBER INFORMATION AND ACCOUNT RECORDS FOR EMAIL ADDRESS ████████████ | ) ) ) ) ) ) ) ) ) ) ) |

Docket no. 1:21-mc-28-AJ

**Filed Under Seal – Level II**

# ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Oath Holdings Inc. (Yahoo) an electronic communication and/or remote computing service provider located in Sunnyvale, California to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Oath Holdings Inc. (Yahoo) shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

Dated: _____                        _____
                                              United States Magistrate Judge

# ATTACHMENT A

I.    **The Account(s)**

The Order applies to certain records and information associated with the following email accounts ▇.

II.    **Records and Other Information to Be Disclosed**

Oath Holdings Inc. (Yahoo) is required to disclose the following records and other information, if available, to the United States for the account listed in Part I of this Attachment ("Account"), for the time period January 1, 2016 to present.

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);
        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        3.    Local and long distance telephone connection records;
        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        5.    Length of service (including start date) and types of service utilized;
        6.    Telephone or instrument numbers (including MAC addresses;
        7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.    All records and other information (not including the contents of communications) relating to the Account, including:

        1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

        2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication

(such as source and destination email addresses, IP addresses, and telephone numbers).

2

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo, Inc., and my official title is _____. I am a custodian of records for Yahoo, Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo, Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of Yahoo, Inc.; and

    c.    such records were made by Yahoo, Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____      _____
Date                                              Signature