UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR ORDER TO DISCLOSE NON-CONTENT INFORMATION PURSUANT TO 18 U.S.C. § 2703(d) IN RE 2017R00336 | Docket no. 1:21-mc-28-AJ<br><br>SEALED APPLICATION |

APPLICATION FOR EXTENSION OF ORDER COMMANDING OATH HOLDINGS, INC.
NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF 2703(D) ORDER

  The United States requests that the Court extend its order requiring OATH HOLDINGS, INC. not to notify any person (including the subscribers or customers of the account(s) listed in the 2703(d) Order) of the existence of the attached 2703(d) Order until **180 days** from the date of the attached Order.

  OATH HOLDINGS, INC. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached 2703(d) Order, which requires OATH HOLDINGS, INC. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

  In this case, such an order would be appropriate because the attached 2703(d) Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation.

Accordingly, there is reason to believe that notification of the existence of the attached 2703(d) Order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee from prosecution, to destroy or tamper with potential evidence or change patterns of behavior, or to intimidate potential witnesses. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the 2703(d) Order, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing OATH HOLDINGS, INC. not to disclose the existence or content of the attached 2703(d) Order for **180 days** from the date of the attached Order, except that OATH HOLDINGS, INC. may disclose the attached 2703(d) Order to an attorney for OATH HOLDINGS, INC. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on April 26, 2022.

/s/ Jarad E. Hodes
Jarad E. Hodes
Assistant United States Attorney
NY Bar # 5031158
53 Pleasant Street
4th floor
Concord, NH  03301

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR ORDER TO DISCLOSE NON-CONTENT INFORMATION PURSUANT TO 18 U.S.C. § 2703(d) IN RE 2017R00336 | Docket no. 1:21-mc-28-AJ <br><br> <u>SEALED APPLICATION</u> |

<u>ORDER</u>

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an extension of its Order commanding OATH HOLDINGS, INC., an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers or customers of the account(s) listed in the 2703(d) Order) of the existence of the attached 2703(d) Order until **180 days** from the date of this Order.

The Court determines that there is reason to believe that notification of the existence of the attached 2703(d) Order will seriously jeopardize the investigation, including by giving targets an opportunity to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that OATH HOLDINGS, INC. shall not disclose the existence of the attached 2703(d) Order, or this Order of the Court, to the listed subscriber or to any other person, for a period of **180 days** from the date of this Order, except that OATH HOLDINGS, INC. may disclose the attached 2703(d) Order to an attorney for OATH HOLDINGS, INC. for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____                              _____
Date                                                United States Magistrate Judge